So we have And I'm gonna need a scorecard here to figure out who's arguing. Let me just run by what I think is the order of the day Mr. Breen you will start is that correct? And you'll argue for 12 minutes and you have saved three minutes for rebuttal. Yes, you're okay And what often happens in these cases we've seen it And then the other counsel gets a little anxious as they see their time fading away So you'll have to watch she'll put 12 minutes on the clock and then Miserable Hubbard will have five minutes, correct? We were hoping I'm sorry We were hoping your honor to reserve eight minutes for rebuttal and so that Miserable Hubbard could deal with any of the Washington law issues that come up specifically You want eight minutes for rebuttal five and three? Yes, your honor. All right Then following that we'll have miss Chung on behalf of the Doe's and That way 15 minutes Followed by mr. Even on behalf of mr. Tapper and the University of Washington. Is that correct? Well, let's see how it goes You may begin. Thank you. May it please the court your honors. I'm Peter Breen on behalf of the defendant David Daleiden The district court in this case cast a cloak of secrecy over the activities of a department of the Washington state government The documents ordered redacted or public communications about the day-to-day operations of a taxpayer-funded government laboratory These communications are from or to government employees and they're with those doing business with the government and about that taxpayer-funded work and in so doing and by founding its decision on the federal constitution This district court and its decision risks tearing apart the open government laws of every state in the Union Not merely Washington State. Well, didn't you didn't you agree? To already to certain redactions your complaint really is that the redactions are too broad And that's that's one of the problems of this case is I believe that it has been improperly framed by the district court and by the by the the plaintiffs The before the court is a Request of a couple pages or three pages or so and then a clarifying letter which modified that request Request was for the documents related to the purchase transfer and procurement of fetal tissue Purchase transfer procurement and it was limited to redact all names and all personal contact information So names and personal contact information are not part of this request at all And so when the district court spent an extensive period of pages Discussing names and content personal contact information. Really? It's an advisory opinion. There's no jurisdiction to go there even And so that that was something to me you already agreed that redaction of names and personal contact information is appropriate Then what's what's distinction between also redacting personal? Identifying information that could lead to the discovery of names and contact information Well, and and your honor we had isn't that the same it's not the same appropriately redacted And and and here's the thing your honor that the the the accommodation by our client was to avoid litigation We you know and and apparently it didn't there is no right to have any redactions of these of this information in these government communications Because now we're swirling around with what we agreed to that but you know It was with a gun to our head and we didn't have to do it. So what are You claiming is the error made by the district court and what relief do you want from this? And so what would happen if this court were to reverse vacate the preliminary injunction? What you're getting back is a practical matter in these documents as entity names Because of course entities don't have personal privacy rights Job titles so that you could track, you know, what a particular job title You mean entities who are employers of these those correct? Correct, so and these are entities, you know as we had shown the court and one of the invoices, you know, who's who's? Exchanging money with the state government of Washington in this case Job titles and then the entity addresses, but those are addresses of physical the information that As referenced by Judge Wynn could lead to the identification of personal identifying information in your honor that the point that we're making is in theory you Your honor so you can go on the internet and connect the dots on things but the Washington state courts have rejected that and and in most places, you know, these these Public Records Act cases we don't look outside the four corners of document in most of these cases Could could any piece of information be used to identify anyone certainly But that is not something that then rises to a federal constitutional requirement that it all be redacted Again, and your honors, I think it bears repeating the Washington Public Records Act is has a broad mandate of disclosure When someone sends an email into the Washington to a unit of the Washington state government It's as if you've walked in the front door of the facility and posted the communication up on the public notices bulletin board I mean they send those emails right back out in response to a request That's how business is done in the state of Washington and has been for decades and it's backed up by decades of Washington case law That's that's your expectation when you send an email to the state of Washington agency. It is on the public bulletin board essentially And and so as well it just that was when you look at the harms actually, yes, ma'am I don't think I have an answer to my question. Okay, here is my question. I'll just try it again. Maybe I wasn't clear What Part of the district court order. Are you now challenging and what result do you want from the night? We are we are challenging the entire order So as to the names and contact information There is no legal basis to redact those but they're not actually part of our request. So that okay number one That's not part of your you've waived that or you're not pursuing it Whichever way you want to care and with all due deference, it's not part of the issue. We did not argue it below I mean, we've been arguing generally about legal principles, but we've not had to fight that we've run out being joined from forever Seeking that information in the future. Should there be some need for it down the road? this is part of the district the issue the district courts decision its logic is so sweeping and without time that We we just I don't want to concede that those materials are okay to be enjoined It's just they're not even an issue here today. So basically the bottom line is let me make sure I understand your response to judge McKeon's question is you want a reversal vacation of the preliminary injunction So that nothing other than what you've conceded should be redacted what you haven't asked for can be redacted So now let's get down to details. I'm now looking at the order yes, right and the Order says that the court grants the motion for preliminary injunction, but narrows it compared to the TRO So UW is enjoined from releasing documents without redacting all personally identifying information From which a person's identity could be derived and then the court goes on number one Information that identifies or provides the location of an individual Are you disputing that or is that one that you'll you're gonna let it in your honor? I think Here's my problem the way we know here's my problem. Yes, your honor Yeah, sure. My problem is I'm trying to figure out what you want. So I'm just asking you a simple question. I'm a Information that identifies or provides a location of an individual Are the appellants? Contesting or not contesting that yes, because some of the The information outside of names and personal contact information could be construed and has been construed as being able to identify An individual it's been a very broad The order the district courts order was was very broad over classes of information So you would dispute this to the extent it goes beyond a name or contact information Names and personal contact information then the next thing says information that would allow an individual to be identified or Located and again here we see it as the same thing as the same thing So if it goes beyond the actual name or the personal contact information You would dispute that. It's right. Absolutely Into information that would allow an individual to be contacted Well, and again your honor if it's the address of an entity that's not the person's personal individual To be contacted. Well, and again, you're right it Insofar as it's interpreted beyond names and personal contact information. We've disputed it Okay, names of individuals that seems to fall within what we've talked about. Correct should be reversed for lack of jurisdiction phone numbers And again, unless it's the entity's general, you know phone number the direct line for someone certainly we don't want it It's not part of our request So what you want is the number that I can look up on the internet that says this entity can be reached at 206 Sure, if the invoice has the just the generic information for the entity then that should be provided number except generic entity Information, okay, and then Facsimile numbers same thing. Okay email and mailing addresses. Those are personal Email or mailing addresses, but not Entity the correct your honor. Okay, and Social security or tax ID numbers. It didn't ask there are already exemptions in the law. So those are not those are not on the table Job titles right and job titles we believe is is something that is it is not personal Well it first time we don't think there's a right to redact any of this information, but certainly we we need job titles we've specified that that is information that's very helpful for researching and Looking at the and the reason for the job titles I mean How does that compare to this concern that the district court made the finding that there could be facing threats harassment and violence, etc so What's the difference between a name and a job title well as a practical matter Well, let's say this if you have an entity that has publicly identified certain people So you have an entity that's involved with this fetal tissue and they've identified people with particular job titles Then really they've identified these folks publicly in that way then then why? You start to ask the question then what what is your privacy interest in the first place? You know, you're not anonymous Really as things go, but but again, I mean you're honest we We have a lot of other arguments, which I know we've presented to the court But let me take a step back and just go to the First Amendment interest or rights that have been identified with just the expressive activity relating to research and advocacy in the right of association Should there be a different analysis with regard to third party? organizations that get closer to the Herbert case Versus the employees who communicate among themselves. How do you think we should approach that and this is the problem? There's not an identifiable group here and in all of the other expressive the Association cases where the right of association is being used to prevent the government from releasing information There's an identifiable group as well. The information is normally a list of information So whether it's in NAACP versus Alabama, it was a membership list Brown versus socialist worker You're talking about membership lists even in Doe versus read It was just a list of names of folks who'd signed the marriage petition here. We're not talking about a list of names We're talking about government communications that the state of Washington releases without redaction and as a normal course and and as well You do have to ask what right is being chilled when someone sends knowingly sends an email into or out of the government of the state of Washington When that Public Records Act is often used just to send out emails just as it went when the University of Washington received The request and responded to it six months later. They said we're releasing it without redaction because that's their normal course So, where is your expectation of privacy or where is your expectation that somehow? You've got a group whose expressive ideas are going to be protected by not having the government Part of the problems I see is that we're now at the preliminary injunction stage. And so the record really isn't Very well developed. So it may it may be that that you're right that there may be differing interests And I've just run out of time. In terms of like core First Amendment rights In terms of core First Amendment rights between these groups of people like government employees communicating amongst themselves versus third-party organizations that are indisputably engaged in advocacy That would be protected But Why can't we just wait until the permanent injunction stage when the record is better developed and your honor your facts right now are? Not really in in dispute We've not your record is pretty well the way it's going to look whenever well Stepping back one one step from the premise of judge doings question Are you contesting this seems to be the approach of the district court that all research activities are protected by the First Amendment? Do you do you challenge that principle? Absolutely, absolutely. No. No, this is this is and the district court the injunction doesn't try to make any differentiate differentiation as between You know these different people. I don't know what they all do, you know, but yeah why they should all be protected by this First Amendment Well waiver and to your honor's point the Research is done downstream We're talking about the the the trend the procurement and transfer of the fetal tissue, which is the raw I mean we hate to use the term raw material But that's the best term we had for the research the research is done by someone else Down the road, so we're not intruding in any way into their research tactics or their results or their papers Small piece of the puzzle, right so you could have employees who are engaged in protected research and Advocacy and I think one of the examples that I think it was your brief there were so many briefs, but I think it was your brief that you know laid out an example of someone who Essentially has written an advocacy piece and so it could be that this individual is involved in research and advocacy, but also happens to be on a Chain email that you're now saying is not protected So that's why I'm saying does the record need to be developed here because it may be that some individuals are Have no way are connected with the research and then you can raise questions or argument as to whether There's any First Amendment interest that would be chilled, but it could very well be the same individual I don't have a good sense of who these people are or what they do or how it's connected to research or not and your honor to establish the Constitutional prohibition on the state of Washington releasing records based on an allegation that you've got an associative, right? You've got to define the group. You've got to show that it would be chilled So I mean none of that has happened and that is the burden of the plaintiffs and so I mean to come out and say that that There is this there is no group and again This sort of information is not the sort of information that is ever restricted for an associational privilege It's just not and again. I mean these are communications back and forth these are invoices for purchase and You're really this is not the sort of information that that was at all at issue in the Dow chemical case You know from 35 years ago, which was a discovery case. I mean, that's the only case I know of where I take it that you disagree that academic and Scientific research is protected by the First Amendment as a general principle Well, I know of a single case from 35 years ago in the 7th 7th circuit that related it to this to even having some Relation that's the Dow chemical chemical case and even that was a case where it was it was a gratuitously added Later in the case, but that It's not It's not part of the information the communications back and forth that we've requested Here are the internal papers of the researchers are not part of it as well in the state of Washington The Washington Public Records Act has a strong mandate of disclosure if you take on there Thank you I May please the court. My name is Janet Chung. I represent the Doe plaintiff a police along with my co-counsel Vanessa power Our clients are dozens of individuals whose personal safety has been placed at risk due to their work Which is connected to life-saving fetal tissue research and the district courts order was you know? We have no idea what the connection of these various does are To the research process and if there's an advocacy process, I don't know, you know, and what they're you know What the jobs are, you know, how do we know that they're entitled to protection even? Well, in other words, I go back to the question asked Mr. Breen, I don't think there's a case that says outright all research is, you know Subject to first amendment protection and I have no idea what kind of research is involved here, right? These are questions that are properly addressed to the district court for application of the order problem is he should have addressed it before he issued the Preliminary injunction as to what what you know why he's covering with these Doe Plaintiffs without any showing that they're involved in a First Amendment activity. That's my problem here your honor to the extent Right now what we're looking at again is the Preliminary injunction that the district court issued and that is based of course on the record that was before the court And let's be clear about what records are at issue in this case I think that may be helpful to understand the context at this point The University of Washington has made available We understand to the appellant over 5,000 pages of documents relating to the birth defects research lab These do include invoices consents authorization forms grant related documents emails this is very far from the concealment that they allege and then in keeping with that standard protocol prior to disclosure that UW did redact the documents to comply with things like patient privacy laws student records laws as well as the district court order and Attorneys for plaintiffs also had the opportunity to pursue it to a protocol agreed to And approved by the district court to review those documents any public interest in these records is adequately served by the production of these over 5,000 pages of documents and again the record before the district court established also that there is a very real risk of harassment or violence if Better record on risk of harassment than you do on the MC. I guess I'm still struggling with What she was talking about with just the First Amendment interest that's really identified. So one of the First Amendment interest argued by your side as well as picked up on by the District Court is the right of association. And so are you talking about the right of association of? Employees among themselves as well. It's an easier argument to make with regard to third party organizations who Are known to engage in these in advocacy, but what about email communications between government employees? right, so they What associational rights do they have? They can be your honor, but it's not limited to just the employees discussing amongst themselves so the description of what the First Amendment covers in terms of expression is quite broad and It does include research activities expressive association and you're right your honor that many of the cases do involve explicit organizations But that is not The limit of the protection for example in the Planned Parenthood of Utah case Versus Herbert from last year out of the Tenth Circuit. That was a case where the court did find that The folks there who associated with other providers who participate in lawful right? Programs you're saying that the does are all engaged in Research or advocacy that would be protected. That's right. Well, one of the questions I have though is the district court made a comment about That the district court didn't want to impose these intractable facts specific inquiries But in terms of the individuals are there eight there's eight people Involved we have eight does there there is a larger group of people within the client class Potentially, but but in terms of trying to figure out and sort of in the instead of in the abstract Figuring out for eight people is not particularly burdensome So why don't we have that information so the district court could make a determination based on facts? Again your honor that is something that we would anticipate could be done later But at the point that you know initially with the filing it was first the TRO and then the preliminary injunction Solely based on those declarations that were submitted with that initial pleading there has not been an opportunity for further factual development Discovery it was solely That rests in your hands. You don't need any discovery of your own clients, right? Don't you represent the dough? People correct. Okay, so That's your client and you could put in the record the Sufficient details as to why they might be harassed or what their connection is. That's right There was nothing that precluded that right? Well just as a practical matter. This was a very fast-moving situation and We the the people folks who have signed on as clients is a larger group than what's represented in the declarations And also we have moved for certification of a class and all of those things are you don't agree with? Mr. Green then that there's no need for further factual development as the case moves forward to permanent injunction. There will be further Factual development or at least information presented to the district court of certain individuals falling in categories Maybe that's one way to do it like these individuals fall in this category and here's how they're related to the research and advocacy For which you're seeking the First Amendment protection, that's right there may well be more factual development, but again not at this stage and your Purpose here is limited to just reviewing Whether the court at this point on the record that exists now, can you tell us? How large the punitive classes do you know or you have some idea? Actually, your honor I'm going to defer that to The state who has I believe the exact number of people who received the notice So what they did again pursuant to the Public Records Act process is identified People whose rights may be affected and all of those people including our clients, but not limited to our clients Did receive that notice even though I know we're on an abuse of discretion standard but How can we figure out if there's an abuse of discretion if we don't know Even what the categories of people are as to when they're whether they'll be subjected to this harassment, right? Well, I think we do have that in the record your honor. We have information We have declarations from people who are in the bucket if you will of people who work at the University, they may be there Specifically at the lab they affiliate with many other departments in the medical school They also have arrangements with Seattle Children's Hospital. For example, we have a declaration from someone who works there We have declarations from people at several of the clinics who do provide fetal tissue to the laboratory so all of that information is Established in the record as far as those different types of relationships It's very hard for me to understand. It's almost beyond me to to see how someone as you say, I Provide fetal tissue why Providing fetal tissue is the First Amendment activity that should be that should be, you know covered by First Amendment exemption Again, your honor. I would point to the the Herbert case. It's the most recent one specifically dealing with fetal tissue donation that recognized that You know that there is advocacy related to fetal tissue donation And that the First Amendment does protect and not just people involved with the program with abortion care and then also with associating with other organizations or individuals for political social and educational reasons including Participating in fetal tissue research So you're right that there are a couple of different types of First Amendment activity that we're talking about here but the thread that I think we all agree on is that it has to do with supporting fetal tissue research important life-saving anybody who touches it so to speak whether you're an administrator or an administrative assistant secretary a male clerk everybody's included a potentially your honor and that again just at the initial stage of by us because you really when you were talking about the Herbert case you're talking about the right of associating with Planned Parenthood, let's say so if the employee Doesn't have any association with an outside provider who engages in advocacy and research Does that employee also have the right of association you read Herbert that broadly to extend to those? Employees a an assistant who works for somebody who then associates with Planned Parenthood or a male clerk It goes all the way down the chain it out. Yes, it could and The what's again linking the activity is that it is related to the work of the lab It is mission driven and their work is related to that and they are viewed with and they are working in association with people who are perhaps more directly involved in the obtaining and transferring of tissue, but they are all associated and Again, if I if I may I'd like to explain why it's I know it sounds Disconcertingly broad, but there is a limiting principle and that is not only do you have to have a First Amendment protected right or a right a Privacy, but then you also have to show that there is and this is quoting from Doe versus read a reasonable probability that the compelled Disclosure will subject a person to threats harassment or reprisals So there may be lots of situations where you have research activity or you know Something else may be not relating to fetal tissue research. That could be First Amendment protected expression again I think this is an academic institutions Not not everybody is working there, but the the work that is being done is research That's been clearly found by courts to be protected expressive activity And so again, they don't they aren't then entitled to protection from disclosure Unless they can also show that other part the threats of harassment and reprisals, etc And that is a it can be a difficult thing to show but we have that again in the record before the district court and That is the basis for the injunction. Is that you have that? That that type of activity would be chilled if that information were released So those declarations establish the very serious threat So I won't go into the detail there except to say that Simply being associated with fetal tissue research has in this intense time period since the release of the Center for Medical Progress Deceptively edited videos that has actually caused directly Harassment and violence. In fact, the National Abortion Federation's report shows an increase from July and August of 2014 Compared to July and August of 2015 after the videos are released. I believe it was three times more acts of violence Just comparing those time periods. So there is a direct link here again, whether or not the people Who we're seeking to protect in fact are Directly involved and that's something the factual record can develop But by dint of being associated with that particular kind of activity it places them at risk I'd like to also discuss the privacy protections and why that's an alternative basis here for the the protection in the Anybody can establish this it's difficult to establish a right to privacy but courts have routinely found that These are protected constitutional interests when? There is a fundamental liberty interest that is implicated Specifically personal security and bodily integrity and the Colstrom Court in the Sixth Circuit Applied that concept there Again contrary to what appellants would submit that was information held by the government So it's not like you get a free pass just by submitting You know if you have submitted your information to the government that you no longer have any rights But there again, it was specifically because of that connection to the fundamental liberty interest that the court found that redaction was appropriate and so here I think a lot of the what the one of the things if you If we all quit talking in the abstract and talk in the practicality of what well what's going to get turned over? One of the points mr. Breen brought up was how is the title? Which often are in these organizational charts that are published all over the place how is the title something that is entitled to Privacy or First Amendment protection so your honor in some situations there may well be one person who holds that job and so there There is this notion that not just the names and the contact information But as the court properly found There are other types of information that could lead to identifying individuals and that is why but of course You know if there is that type of Only one person holds a job you have this right under the injunction to Right to to urge the university to make further redactions you can redact Maybe that kind of job title as opposed to all job titles Sure and I think that that is what the protocol established by the district court allowed for was review and again the plaintiff Please were able to review records after there had already been redactions But to the extent that there is a claim that perhaps it's overbroad those Questions are really properly before the district court not this court today Well, I think what going back to basics they're saying you know we shouldn't even be in that position in other words under the Public Records Act it's as Enacted by the Washington legislature and as implemented. It's open season. Basically, that's the rule the exception is when you redact and now you're putting them in this sort of Collateral proceeding document by document. I think that's their argument And again that that is the way that the the Public Records Act operates. I mean, I think it's clear from Washington courts that Constitution the Constitution will prevail over The the Public Disclosure Act and obviously the disclosure cannot violate the Constitution So if if it turns into that protocol, that is what the district court has blessed and what we would submit is appropriate and appropriate use of discretion, so again We're here today on the record that was before the district court The court did properly exercise its discretion both in finding that there were rights that would be At risk that would put plaintiffs at personal risk to their bodily integrity and that they would need to be protected by violence and that the best way to do that was with the order that it issued and That is with a scope that is beyond the names alone and contact information. Thank you. Thank you You Good morning, may it please the court My name is Jeffrey even deputy solicitor general and along with my co-counsel Nancy Garland I'm here today on behalf of the University of Washington and Perry Tapper Let me turn to judge Tashima's question first about the the number of people we're talking about here my understanding is that the notices that the university sent out when they identify when they Identified the records that issue and identified people who were mentioned in them They sent that notice out to between five hundred and six hundred people approximately So that's the size of the group we're talking about and that in cut that includes people who are in a variety of Classifications some are university employees some are employees of research partners and and may do various Have various functions with them I'm curious as to how this class was defined. Are they all? Anybody well, how did you Identify these five percent people is that because their names are mentioned and one of the other communications? That's my understanding now, of course as judge Wynn Points out we're here on a preliminary injunction And so those facts may get further developed before we get to a final resolution of the case But yes, that's my understanding. So the university identified The records that are responsive first by virtue of their subject matter and then gave notice to people who are identified in the records well, so That includes the names of people who sent in we'll say incoming email for instance Yes. Yes that could include that as well as outgoing email Right from the university. Yes will be from the from the university Obviously that the outgoing was there from from some state agency, but also includes Incoming people you have no idea what the status of those people are right? I mean the incoming Name, that's right And the university would not be in a position on its own To evaluate these records and come to a conclusion as to whether somebody has a privacy interest Nor would they have standing in order to even assert that interest on behalf of somebody else? Which is why the notice is sent out if this is a class action I Assume somebody's gonna make a motion to certify the class and that person then would have the obligation Right to define the class and to you know, we show the commonality of interest No, you know all those things required by rule 23, but you don't take that as your job, right? That's right. Now the the plaintiffs did bring such a motion, but it hasn't been resolved pending this appeal Now going beyond that I'd like to add two points here if I may regarding the interrelationship between the state Public Records Act and the Constitution the I think this Helps to clarify what law is at issue on this appeal now as has been said You know the university is obligated to comply with the Public Records Act the the general rule from which any Consideration of the Public Records Act would begin would be the agency discloses the records Now in this case with the exception of one argument that I'll kind of set aside here for the moment the arguments for redacting information are Constitutionally based they're not based on the Public Records Act the Public Records Act itself Does encompass constitutional rights as a basis for withholding records or redacting information? Principal case on that the most recent is Freedom Foundation versus Gregoire from the Washington Supreme Court in Which the court upheld? The withholding of records based on executive privilege of the governor. So does the Washington Washington Constitution? Have a provision for the right of personal privacy or something like that There is a Right under the Constitution asserted in this case whether it goes beyond a federal right Is a different question and what right is that the right right of privacy? Yes. Yes so there so the plaintiffs have pled that but in Washington jurisprudence if you want to argue that a state constitutional provision has a broader scope than a federal Counterpart there's a specific Set of arguments specific analysis that spelled out for that and that hasn't occurred that hasn't been argued on this appeal Is there some kind of a public safety? Provision that or a personal safety provision that allows a person to Request redaction because if his or her name were Made public it was subject that person to personal danger Not stated as such your honor that I think if you were to make that argument under the Washington Constitution You'd approach it much the same as the the plaintiffs have here under the federal Constitution, but but To gain some protection then it would have to be tied to Some other rights such as the First Amendment or something like that, right? There would have to be some other Some other articulated right that that's connected to and said to implicate so I see that my time has expired so Unless there are further questions. Thank you. Thank you very much. Thank you No, you're using up your own time I'm trying not to shout in this but I'm a make her you can hear me Michelle Earl Hubbard on behalf of the Washington Coalition for Open Government. We're an amicus curiae in this case We are perhaps an expert in Washington law. I've been doing PRA cases for 20 years I am deeply disturbed by the tenor of the discussion I'm hearing because the district court order and the framework that's being proposed Would and I do not say this lightly gut the Public Records Act in the state of Washington And it would frankly gut every open government law in every state Across this country and the reason is this the public records law deals with public records which every party in this case admits These are these are records owned used retained prepared by a government agency Related to a governmental or proprietary process they are held by the state of Washington by the state of Washington through the University of Washington a Judiciary has that it's subject to the To the provisions of the Constitution right such as you know, the First Amendment. Yes, your honor So here let me go down to the specifically so the point is under the PRA you have to prove a record is exempt and yes a Constitutional provision could in fact be an exemption The problem is in this case where they have the burden bringing a preliminary injunction To prove there was a basis for denial of the records they had to prove a likelihood of prevailing on the merits to get a preliminary injunction and the basis would you understand the The exemptions claimed by the plaintiff in this case to be there were no state exemptions claimed I don't think there are any that would apply because for 40 years our state has held We do not have a secret public workforce that the identity of public employees is a matter of public interest It is a public fact. We also do not have hidden Wait stop You don't need to get so excited we understand your position we understand your concern, okay But we're trying to get to the bottom of it of the and sort out not just the public record the three constitutional provisions If I constitutional, so if you look at Doe v. Reed, yes, it's been You know well Established that you can prevail under the First Amendment if you can show That there's this potential for threat of harm harassment, etc And the district court made that finding we're here on an abuse of discretion standard What is it in your view that would require us to reverse that your honor? The problem is and even under Doe v. Reed where they found exemption was not sufficient They have to show the Constitutional provision and if I could get back to the question as I understand it their arguments were this right of association right of Privacy this amorphous right of privacy argument, and then this idea of somehow Sort of academic freedom judicial and your research rights all under the umbrella of the First Amendment the problem with their argument is this right of association is meant to protect the Association of non-governmental individuals with other non-governmental individuals free from government intrusion It's not meant to protect Businesses that associate with the government We don't have a right of association that lets you have secret association with the government And that's one of their arguments and that would fail the right of privacy Has to fail as well Because they're talking about number one under our state the test and I believe this frankly would apply at the federal level Are things that are highly offensive to reasonable people? Meaning they're actually secret and private that no one knows them and to that They're not of legitimate public concern. If you look at the restatement tests that are cited in the briefs That's what most entities understand. That's what privacy means. It's not what I don't want people to know It's what people don't know and what people shouldn't know and you can't jump straight to the risk of harm as a Basis for denial and that's really all they've done here. They've said we might be harmed. So keep everything back What about the expressive activities relating to research and advocacy in areas as sensitive as this one? They have not in any way met their burden to prove that we're talking about invoices. We're talking about check stubs We're talking about emails the fact that you might in some way have some connection to a Transaction where fetal tissue was purchased by the state and was paid for by the state does not get to the research being done with that material the same could be said for the people that sell them the saline and the beakers and Formaldehyde, you can't say that every purchase of every government Medical product somehow gets at your research because again you have swallowed the whole This will not just apply to this particular set of facts. This will apply beyond the medical context this will apply to any situation where someone says I will be harmed if public information about me is released and We stand here as the only representative of the citizens of this country saying please don't do that that you will gut our access our ability to keep our government accountable and they have the burden of proving a Likelihood of the prevailing they did not do that The final point I'd like to make is I want to make clear that that I think mr. Brain will correct this as well Because they had already agreed that certain things were not part of their request This district court did not have the authority and it was not appropriate for him to say in his very broad order Here's all the things that you should redact and his could identify would identify That's the big gaping hole our state has dealt with that through the connect the dots theory through the four corners of the Document if you start telling the government that they should not release records that might identify someone then they will never release anything It's a slippery slope It's not justified by the statute definitely not by the Constitution and we don't think the judge's order should have been entered in the first place Because that was not an issue even before him So whether whether or not this requester agrees to it, we don't think it should become part of a judicial opinion. Thank you. Thank you Mr. Breen you have three minutes And thank you your honors, I thank the amici Washington Coalition for open government for their passion on this issue Your honors several cases were mentioned by the the plaintiffs in their presentation one of them was a Kallstrom case, which is the loan case that we can find that actually out of Sixth Circuit that dealt with the the information of folks Who were found to be in danger and there were a couple differences between that case and this first off They were personnel files of undercover narcotics officers. So personnel files. There's an exemption of the Washington PRA for that So that is not at not something It's something the Washington State Legislature has taken account of and done their job and placed an exemption there But also in that case there was an identifiable murderous street gang These undercover officers put about eight of them behind bars and other four I believe 41 total were put in jail there the short north posse out of Columbus, Ohio and so that that is a much different circumstance than here, but even in that case the Sixth Circuit refused to order and refused to uphold an injunction against the release of the documents all they said to the to the these three undercover narcotics officers was We will order that you be notified whenever anyone requests it and as you've seen in this case, Washington already does that They've been notifying folks and they're mentioned So what what that case shows you is how this court should act is to step back Let the Washington State Legislature do its work as I understand there the way you count There are 300 exemptions in the Washington Public Records Act But those are carefully chosen by the legislature in defending that you would agree that if there is a constitutional overlay, we would have to Benchmark the judge's order against that and you would have to but but as the coalition for open government pointed out you would have to Really engage in something that is legislating and with all due deference you would have to find it was unconstitutional as applied against This particular fact setting and then you would read it into the PRA as an exemption but that that That is a pretty it is it is a significant step and one that is not Warranted on the case law in front of you and your honors said a Dovey read Justice Stevens the concurrence in that case that this was not a hard case That the information in the government's hands it was voluntarily provided to them to release it and here again We're not even talking about a list It's not even the type and the reason again your honors why there's no need for further factual development of this record This is not the type of information that eat the right to association applies to This is not lists of members of things like that and there's no expressive authority built in there. I believe as well If you you look at those cases the Planned Parenthood case out of Utah that was An unconstitutional conditions case done precisely because of their First Amendment advocacy, you know steps taken against them not the case here This is the mere release a ministerial release of public documents And and so for those reasons your honors this doesn't fit within any of the existing privacy laws Which we've cited to you in our briefs the associational standing laws. Those are important protections, but they don't apply here Thank you It's a very interesting case and we understand the passions involved So we appreciate the argument and the briefing from all counsel the multiple many counsel And I think you're splitting the time actually is maybe one of the best I've seen that actually worked. So The case just argued does versus Tapper, etc is now submitted and we're adjourned
judges: Tashima, McKeown, Nguyen